# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES BURKSHIRE, PETER CONLON,**

     **Plaintiffs,**

-vs-               Case No. 6:10-cv-1823-Orl-28DAB

**WILDLIFE SOLUTIONS, INC.,**

     **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 32)**
>
> **FILED:**   **September 29, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiffs' responses to the Court's Interrogatories (Doc. 22, 23), Plaintiffs were employed by Defendant as service advisors from March 2005 to present (Conlon) and 2004 to July 1, 2010 (Burkshire). According to the Joint Motion for Approval of the Settlement Agreement, Plaintiff Burkshire worked as Field Technician for Defendant's wildlife removal company. Burkshire responded to calls from customers, performed inspections, and provided estimates to customers for removal and any related damage repair. He was paid salary ranging from $300 to $455 per week, plus commissions. Doc. 32. Defendant alleged that Burkshire was exempt from overtime under both the outside sales and administrative exemption. Thus the main issue in this case was whether Burkshire was exempt from overtime. After reviewing relevant pay and time records, Burkshire estimated his overtime damages to be $7,872.57 ($15,745.13, including liquidated damages). Docs. 22, 32.

Plaintiff Conlon worked as Service Advisor for Defendant's wildlife removal company. Conlon responded to calls from customers in the office, advised clients, scheduled appointments and

handled other administrative job duties. He was paid salary ranging from $300 to $455 per week, plus flat fees for booking appointments. Defendant alleged that Conlon was exempt from overtime under the administrative exemption and that he did not work overtime. Thus the main issue in this case was whether Conlon was exempt from overtime or worked overtime at all. After reviewing relevant pay and time records, Conlon estimated his overtime damages to be $8,075.15 ($16,150.30, including liquidated damages). Docs. 23, 32.

The Parties attended mediation on August 24, 2011, where the parties negotiated a settlement through the assistance of the mediator. Both Plaintiffs considered the risks involved with their respective exemption cases and burden to prove damages. Eventually, Burkshire agreed to accept $6,000, or approximately 45% of the $15,74.13 of the principal amount he sought; and Conlon agreed to accept $12,500, or approximately three-quarters of the $16,150.30 of the principal amount sought.

The Parties also resolved fees and costs for $6,500, for work representing both Plaintiffs, which counsel represents were agreed upon separately and without regard to the amounts paid to Plaintiffs. Doc. 32. Plaintiff's counsel has submitted supporting time sheets detailing the work completed for both Plaintiffs, which totals $10,820 computed at an hourly rate of $300 for Mr. Leach and $105 for his paralegal. While $300 per hour is more than Mr. Leach has been awarded by this Court previously, given the significant discount his firm allowed on fees, the overall fee amount is reasonable. The allowable costs incurred for filing fee and service of process totaled $410. The amount of time devoted and the discounted attorney fees and costs are not unreasonable under the circumstances of this case.

Settlements in the amounts of **$6,000** and **$12,000** to Plaintiffs for unpaid wages and liquidated damages, and **$6,500** for attorney's fees and costs is a fair and reasonable settlement. It is

**RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record